**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1164
_____

LINDA ANN WRIGHT,
Appellant

v.

UNITED STATES OF AMERICA; STATE OF CALIFORNIA; STATE OF TEXAS;
THE U.S. ATTORNEYS OFFICE PENNSYLVANIA; ALEX KOZINSKI; NEAL
KATYAL; BARBARA BOXER; BONNIE S. GRAHAM; U.S. DEPARTMENT OF
VETERANS AFFAIRS; SYLVIA MATTHEWS BURWELL; ARNOLD RUSSO; U.S.
DEPARTMENT OF HEALTH & HUMAN SERVICES; PATRICK ORY; ANDREW
SAUL; KILOLO KIJAKAZI; TOM WHEELER; ROBERT GATES; DANIEL
DEWSNUP; ERIC SHINSEKI; KATHLEEN SEBELIUS; DAVID SPIVEY; RICHARD
P. GEIB; ERIC HOLDER; KARLA KERLIKOWSKE; JOSEPH P. RUSSONIELLO;
SAN FRANCISCO VA MEDICAL CENTER; COLEEN L. WELCH; KENNETH
SWASEY; TELLA WILLIAMS; ULRIKE WILLIMON; MARIA RAINWATER;
JENNIFER VANDERMOLEN; DONALD E. KOENIG; PA ATTORNEY GENERAL'S
OFFICE; CARRIE E. WILSON; SAINT CLAIR HOSPITAL, ET AL; THE STATE OF
CALIFORNIA; OFFICE OF ATTORNEY GENERAL CA; JEFFREY R, VINCENT;
XAVIER BECERRA; EDMUND BROWN, JR.; KAMALA HARRIS; BETTY T. YEE;
CA BOARD OF EQUALIZATION; MARTINEZ VA HOSPITAL; ELIZABETH
MARTINEZ MAHAN; MAE FRANCINE HOLMES; CALIFORNIA DEPARTMENT
OF INSURANCE; MEDICAID OF CALIFORNIA; MEDICAL BOARD OF
CALIFORNIA; KAREN L. SMITH; KRISTINA D. LAWSON; OAKLAND VA
REGIONAL OFFICE; SUPERIOR COURT OF COURT HUMBOLDT; JOHN L.
BURRIS; CALIFORNIA DEPARTMENT OF FORESTRY; KEN PIMLOTT;
CALIFORNIA DEPARTMENT OF VEHICLES; JEAN SHIOMOTO; MEDTRONIC
SPRINT FIDELIS; LOCKRIDGE GRINDAL NUEN; DAVID S. WEILAND; EAST
BAY CARDIOLOGY;PROTRANSPORT1; KINDRED MEDICAL HILL
REHABILITATION; KINDRED REHABILITATION SAN LEANDRO; HARNETT
CHOPRA;MAE FRANCINE HOLMES; VALE REHABILITATION; SHEILA
CULLEN; DOCTORS HOSPITAL; CONTRA COSTA COUNTY CORONER;
WILLIAM WALKER; RONALD M. SATO; OTIS ROUNDS; WILLIAM W. CHEN;
ALTA BATES SUMMIT MEDICAL CENTER; CASA ADOBE SENIOR
APARTMENTS; MARIA FUENTES; UNITED INSURANCE COMPANY; U.S. POST
OFFICE-EUREKA; U.S. POST OFFICE-SAN PABLO; TEXAS ATTORNEY

GENERA OFFICE; SCOT M. GRAYDON; KEN PAXTON; GREG ABBOTT; RICK PERRY; ERIN NEALY COX; TALETA TOWNSEND; ALLEGIANCE BEHAVIORAL HEALTH; CITY OF AMARILLO; CITY OF AMARILLO; AMARILLO POLICE DEPARTMENT; AMARILLO BUILDING DEPARTMENT; BRYAN SCOTT MCWILLIAMS; GWEN GONZALES; KIRKLAND COURT REHABILITATION; JOYCE COURSE; JACQUELINE S. COOPER; JOHN DZIK; KEVIN WRIGHT; GORDON K. WRIGHT; YOLANDA CALDWELL; TIMOTHY M. DORTCH; KIRKLAND COURT NURSING STAFF 2013-PRESENT; MICHAEL KAITCER; NORTHWEST TEXAS HEALTHCARE SYSTEM; MITZI S. MAYFIELD; KEVIN WRIGHT; BSA REHABILITATION; THOMAS E. CREEK MEDICAL CENTER; RODNEY GONZALEZ; CHAD LOGAN; LEONARD & LYDE; REDWOOD FAMILY PRACTICE; MARIA WINTERS; AMERICAN MODERN HOME INSURANCE; JOSEPH J. MINIOZA; SAMANTHA POWERS; ANDREW P. SCLAR; NATHANIEL LUCEY; ERIKSEN ARBUTHNOT; AMERICAN EXPRESS CORPORATION; THE MOORE GROUP; HARVEY MOORE; RAMIN MAHAVI; BOIES SCHILLER & FLEXNOR; EDMOND GARABEDIAN; SONYA DEVORAH PASKIL; PALMER LOMBARDI & DONOHUE; ROBERT L. BACHMAN; CHETNA VORA; BRETT DAVID WATSON; DISABLED AMERICAN VETERANS; THE ARBORS REHABILITATION; JOSEPH MARK PARSONS; NANCY K. DELANEY; KEVIN WRIGHT; MOBILITY SOLUTIONS AMARILLO; J. SELMAN; JEFF GEARHART; NAVY FEDERAL CREDIT UNION; WELLS FARGO USA; STEVEN L. HOARD; KEVIN WRIGHT; TYRONE WRIGHT; MARGARET MARIE SCHNECK; LARRY "DOE"; JOHNATHAN HINDERS HINDERS; WELLS FARGO BANK-AMARILLO; EQUIFAX CORPORATION; RICHARD SMITH, CEO; MEPCO FINANCIAL; JAIME PAUL DREHER; KELLY LUIS POPE; AT&T CORPORATION; JOHN STANKEY; RANDALL STEPHENSON; AT&T EUREKA-CA; COAST CENTRAL CREDIT UNION; LARRY DERIDDER; AMELIA FAIRBANKS BURROUGHS; NANCY CRAIG; BRIAN OGDEN CRAIG; KIM S. ERIVN; THE EUREKA VETERANS CLINIC; PATRICIA FITZGERALD; PETRA KUHFAHL; MICHAEL MORRISON; THOMAS J. RYDZ; KUSUM STOKES; JANSSEN MALLOY; NEEDHAM MORRISON; CROWLEY & GRIEGO REINHOLTSEN; MITCHELL BRISSO DELANEY & VRIEZE; NANCY K. DELANEY; JOHN VRIEZE; CLERK OF BOARD OF SUPERVISORS; HUMBOLDT COUNTY ASSESSOR; HUMBOLDT COUNTY BUILDING PERMITS; HUMBOLDT COUNTY SHERIFFS; JOHN BARTHOMOLEW; SAINT JOSEPH HOSPITAL; SAINT JOSEPH REHABILITATION; THE ARBORS REHABILITATION-TEXAS; HUMBOLDT COUNTY WASTE MANAGEMENT; JILL DUFFY; MECHANICS BANK; PACIFIC GAS & ELECTRIC CORPORATION; WILLIAM D, JOHNSON CEO; JP MORGAN CHASE; ALTICE COMMUNICATIONS; DEXTER GOEI, CEO; SUDDENLINK COMMUNICATIONS-EUREKA CA; S. LEE MERRITT; RAY SCHNIBBEN; GIORGIO HERRERA; SUTTER DELTA HEALTHCARE; IRINA KOLOMEY; LONE TREE CONVALESCENT, ET AL; ALLSTATE INSURANCE CORPORATION; THOMAS WILSON, CEO; TIM STOREY-EUREKA CA; THE ARBORS

2

REHABILITATION; JOSEPH MARK PARSONS; CHARLES EDWARD MOSS; NW TEXAS HEALTHCARE SYSTEM, MITZI S. MAYFIELD; MICHAEL H. LOFTIN; KEVIN WRIGHT; THOMAS E. CREEK VA MEDICAL CENTER; RODNEY GONZALEZ; CHAD LOGAN; MOBILITY SOLUTIONS AMARILLO; DUSTY J. STOCKARD; J. SELMAN; SHARON B. DRAGER; IRINA KOLOMEY; ST. CLAIR HOSPITAL

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-01152)
District Judge:  Honorable J. Nicholas Ranjan

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 7, 2022

Before: MCKEE[†], SHWARTZ, and MATEY, <u>Circuit Judges</u>

(Opinion filed: July 14, 2023)
_____

OPINION[*]
_____

PER CURIAM

Pro se appellant Linda Ann Wright appeals from the District Court's order

dismissing her lawsuit with prejudice after screening it pursuant to 28 U.S.C. §

1915(e)(2)(B).  We will affirm the judgment of the District Court.

Wright filed this action in August 2021 against the United States, the States of

California and Texas, certain federal agencies and officials, and a multitude of other

_____

[†]Judge McKee assumed senior status on October 21, 2022.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

3

public officials and private individuals, seeking tens of millions of dollars in damages and other relief. Wright's complaint and amended complaints catalogued a vast inventory of grievances, many unrelated to each other, from events during her and her deceased parents' lives. Much of her case echoed prior litigation she pursued against many of the same defendants in California and Texas.‡ She claimed jurisdiction in the Western District of Pennsylvania under diversity of citizenship and federal question jurisdiction for alleged violations of the Fourth, Fifth, and Fourteenth Amendments to the U.S. Constitution; 18 U.S.C. §§ 153, 241, 242, 371, 1503, 1951; and 42 U.S.C. § 1985(2),(3). See ECF Dkt. No. 17 at 3.

In December 2021, the District Court granted her motion to proceed in forma pauperis. Before defendants were served with her most recent amended complaint, the District Court screened the case under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of an in forma pauperis action that "fails to state a claim on which relief may be granted," "seeks monetary relief against a defendant who is immune," or is frivolous. Id. The District Court considered Wright's latest complaint in the case under those criteria and concluded that "dismissal with prejudice [was] appropriate, as Ms. Wright's claims suffer[ed] from a range of fatal deficiencies," the most obvious being that the complaint

---

‡ See Wright v. United States, No. 3:14-cv-3008, 2015 WL 3902798, at *1 (N.D. Cal. Jun. 24, 2015); Wright v. United States, No. 2:15-cv-0214, 2016 WL 1070838, at *1 (N.D. Tex. Mar. 16, 2016). She recently sought, unsuccessfully, to reopen those cases. She has also filed Supreme Court actions which, she admits, concern some of the same grievances. In 2021, Wright filed another lawsuit in the Western District of Pennsylvania, but it was essentially identical to this one and she agreed to close it. See No. 2:21-cv-713.

4

failed to state a claim upon which relief may be granted. D. Ct. Mem. Ord. at 2. The District Court identified other obstacles, including that it lacked subject matter jurisdiction over Veterans Affairs (VA) benefit claims, that she could not bring civil claims to enforce the criminal code, and that res judicata and the applicable statute of limitations barred her claims. Id. at 2-4. Wright filed this timely appeal.[§]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the sua sponte dismissal of a complaint under § 1915(e). See Dooley v. Wetzel, 957 F.3d 366, 373 (3d Cir. 2020). In order to avoid dismissal, a complaint must meet the pleading requirements of Federal Rule of Civil Procedure 8(a), and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Talley v. Wetzel, 15 F.4th 275, 286 n.7 (3d Cir. 2021) (cleaned up).[**] We review a court's dismissal with prejudice for an abuse of discretion. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

We discern no error in the District Court's dismissal of Wright's complaint. First, we agree that, despite Wright's many efforts, the second amended complaint (ECF Dkt. No. 17 plus attachments, and what are essentially duplicate filings at Nos. 23 and 24)

---

[§] To the extent that Wright includes new allegations in her appellate filings, we will not address them here because they are not properly before us. See Simko v. U.S. Steel Corp., 992 F.3d 198, 205 (3d Cir. 2021).

[**] Under Rule 8, an allegation must plain enough "to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial," and it cannot place "an unjustified burden on the court and the part[ies] who must respond to it because they are forced to select the relevant material from a mass of verbiage." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988).

does not state a claim upon which relief may be granted, even affording it the most generous construction, see Dooley, 957 F.3d at 374. As the District Court noted, the second amended complaint lacks factual allegations with respect to many named defendants. D. Ct. Mem. Ord. at 2. The balance of defendants has been left to guess the specific factual nature and the legal basis of her claims against them, such that they are unable to properly answer or prepare for trial. See Salahuddin, 861 F.2d at 42. Generally, Wright alleges that she has been the victim of botched medical treatments going back decades, that she and her deceased parents were denied medical and appropriate respite care, that the Department of Veterans Affairs denied benefits owed to her, and that various entities wrongfully took possession of her property. See ECF Dkt. Nos. 17 at 4, 17-3 at 1-12. But to proceed, her complaint must do more than broadly describe interactions with a disparate group of entities over a twenty-plus year period without identifying actions by specific defendants that support a facially plausible claim for legal relief. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). At a minimum, she has not alleged facts sufficient "to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004), for the proposition that the complaint must provide more than facts that "merely create[] a suspicion of a legally cognizable right of action").

We further note that Wright's named causes of action are largely not viable as presented in her complaint. Wright's attempts to raise civil claims to enforce sections 153, 241, 242, 371, 1503, and 1951 of the Federal Criminal Code fail because the statutes

she cited do not create a private cause of action. See Leeke v. Timmerman, 454 U.S. 83, 85-86 (1981) (explaining that a private party has no right to compel the enforcement of criminal laws). Wright's claims seeking relief under 42 U.S.C. § 1985 and alleging tortious action must comply with the applicable state statute of limitations for personal injury claims; the claims alleged in Pennsylvania before August 30, 2018, are barred under the two-year statute for personal injury claims. See 42 Pa. Cons. Stat. § 5524; Bougher v. Univ. of Pittsburgh, 882 F.2d 74, 79 (3d Cir. 1989); Schmidt v. Skolas, 770 F.3d 241, 249 (3d Cir. 2014) (complaint is subject to dismissal for failure to state a claim on statute of limitations grounds when that defense is apparent on the face of the complaint).[††]

Finally, the District Court did not abuse its discretion by dismissing Wright's action with prejudice because we agree that it would be futile to allow her to file yet another amended complaint. See Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007) (noting that a district court must offer amendment when dismissing for failure to state a claim "unless doing so would be inequitable or

---

[††] As the District Court decided, Wright's lawsuit faced a variety of other problems, too. For example, a substantial part of Wright's allegations is barred under res judicata principles in light of her prior litigation in federal courts in California and Texas, see D. Ct. Mem. Ord. at 2. On appeal, she tacitly conceded this point because she did not deny repeating those claims in this lawsuit but instead argued that the prior cases were not litigated before fair tribunals. See Notice of Appeal at 10; Appellant's Informal Brief (C.A. Dkt. No. 15) at 9. Also, insofar as her action concerned disputes over VA benefits, the District Court lacked subject matter jurisdiction, see ECF Dkt. No. 17-3 at 6-7. See 38 U.S.C. § 511. Of course, Wright also cannot overcome the substantial bar to her claims that the sovereign immunity doctrine presents in light of the many federal and state defendants named in her action. See D.J.S.-W by Stewart v. United States, 962 F.3d 745, 749 (3d Cir. 2020); Kimmel v. Florida Bd. of Regents, 528 U.S. 62, 72-73 (2000).

futile"). Wright has been afforded ample opportunities to make her case. After at least three attempts, her complaint still suffers from multiple flaws which are fatal to her lawsuit.

For these reasons, we will affirm the judgment of the District Court. Wright's outstanding motions are denied.